**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

ALYSSA SURA, Individually and as Personal
Representative of the Estate of JOSEPH LEE,

     *Plaintiff,*

v.                                         Case No.:

COUNTY OF RACINE,
LIAM D. NITZ, individually and in his official capacity,
and JOHN DOES 1-5,

     *Defendants.*

## COMPLAINT

NOW COMES the Plaintiff, Alyssa Sura, individually and as the personal representative of the Estate of Joseph Lee, by and through her attorneys undersigned, and submits this Complaint against the County of Racine, Liam D. Nitz, individually and in his official capacity, and John Does 1–5, alleging acts and omissions that contributed to the wrongful death of Joseph Lee. In support of this Complaint, Plaintiff states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including claims brought under 42 U.S.C. § 1983 for violations of constitutional rights.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as the state law claims form part of the same case or controversy as the federal claims.

3. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims occurred in Racine County, which is within the jurisdiction of this Court.

## PARTIES

4. Plaintiff, Alyssa Sura, individually and as Personal Representative of the Estate of Joseph Lee (hereinafter referred to as "Plaintiff"), resides in the State of Kentucky and is a citizen thereof.

5. Decedent, Joseph Lee (hereinafter referred to as "Mr. Lee"), at all times relevant to this Complaint, was a resident of the State of Wisconsin and was incarcerated at the Racine County Jail located at 717 Wisconsin Avenue, Racine, WI 53403.

6. Defendant, County of Racine (hereinafter referred to as "the County"), is a municipal corporation organized under the laws of the State of Wisconsin, with its principal offices located at 730 Wisconsin Avenue, Racine, Wisconsin 53403. At all times relevant to this Complaint, the County, through the Racine County Sheriff's Office, was responsible for the ownership, operation, management, staffing, supervision, and control of the Racine County Jail, including the custody, care, and safety of inmates housed therein, including Mr. Lee.

7. Defendant, Liam D. Nitz (hereinafter referred to as "Officer Nitz"), at all times relevant to this Complaint, was a correctional official employed by Racine County. Defendant Nitz is

sued in his individual capacity for his personal actions and omissions, and in his official capacity as a policymaking and/or supervisory official responsible for the implementation, enforcement, and oversight of jail policies, practices, staffing, monitoring, and emergency response procedures at the Racine County Jail.

8. Defendants John Does 1–5 are currently unidentified individuals who were employees, agents, or representatives of Racine County assigned to the Racine County Jail and were responsible for the custody, supervision, and safety of inmates at the facility, including Mr. Lee. The identities of these individuals are presently unknown to Plaintiff. Plaintiff will supplement this Complaint to include their names once their identities are ascertained through discovery.

## STATEMENT OF RELEVANT FACTS

9. On or about December 31, 2024, at approximately 12:15 p.m., Mr. Lee, an inmate at the Racine County Jail, was brutally attacked by fellow inmate Davonte Carraway (hereinafter referred to as "Mr. Carraway") in the facility's dayroom.

10. The incident began when Mr. Carraway approached Mr. Lee and initiated a physical altercation. Without provocation, Mr. Carraway struck Mr. Lee multiple times in the head, causing his head to violently strike and bounce off the cell door and floor.

11. The attack took place in the presence of approximately twelve inmates, who witnessed the violent assault unfold. Some inmates attempted to intervene, but they were intimidated by Mr. Carraway's aggression and refrained from stepping in out of fear for their own safety. As the assault escalated, Mr. Lee became incapacitated, his body going limp from the sustained trauma.

3

12. As the attack progressed, Mr. Carraway grabbed Mr. Lee by his pants and shirt, lifting his unresponsive body off the ground. He then dragged Mr. Lee across the dayroom before callously placing him upside down into a 55-gallon garbage can.

13. Mr. Lee suffered catastrophic injuries as a result of the attack, including extensive blunt-force trauma to the head and neck, multiple facial fractures, cerebral edema, and cervical spinal injuries. Medical and autopsy records further confirmed that Mr. Lee inhaled broken teeth during the assault, with metallic tooth fragments later documented among his personal effects.

14. The assault occurred in full view of other inmates. Despite this, no immediate emergency response was initiated, and no correctional officer intervened during the attack.

15. This cruel and degrading act underscored the complete lack of control and supervision within the facility, as no correctional staff intervened to stop the attack or render aid to Mr. Lee.

16. At the time of the assault, Officer Nitz was assigned to monitor inmate activity via the jail's surveillance system. On information and belief, Officer Nitz left the surveillance control room for approximately twenty-five (25) minutes during the critical period surrounding the assault on Mr. Lee, resulting in a complete failure to monitor the dayroom, detect the ongoing attack, or initiate any timely intervention or emergency response.

17. Following the assault, Mr. Carraway was observed casually shaking hands and joking with other inmates, while another inmate cleaned up the blood from the attack.

18. This conduct further highlights the lack of urgency, monitoring, and control within the Racine County Jail.

19. Despite the severity of Mr. Lee's injuries, no correctional officer provided assistance until 12:37 p.m., approximately 22 minutes later, when officer(s) returned to the dayroom to collect lunch trays. By then, Mr. Lee was unresponsive.

20. Emergency medical personnel were summoned, and Mr. Lee was transported to Froedtert Hospital in critical condition. Upon arrival, medical evaluations confirmed that he had sustained severe head and neck trauma, and he was placed on life support.

21. On January 1, 2025, at approximately 4:07 p.m., Mr. Lee was pronounced brain dead by hospital physicians.

22. Mr. Lee remained on life support until January 5, 2025, when his family made the devastating decision to withdraw life-sustaining measures. Mr. Lee subsequently passed away. The official cause of death was determined to be blunt-force injuries of the head and neck, and the manner of death was ruled a homicide.

23. At the time of the attack, Mr. Carraway was incarcerated on charges of attempted homicide.

24. Mr. Carraway later admitted to investigators that he attacked Mr. Lee because he believed Mr. Lee was "going to put [his] personal business out to others."

25. Surveillance footage refutes this claim, showing no indication that Mr. Lee acted aggressively toward Mr. Carraway.

26. In December 2025, a jury found Mr. Carraway guilty of first-degree reckless homicide for the killing of Mr. Lee.

27. As a direct and proximate result of the wrongful actions and omissions of the Defendants, Mr. Lee suffered preventable injuries that led to his untimely death. His family, including his six minor children, have suffered profound and irreparable harm, including emotional trauma, loss of companionship, and financial hardship.

5

28. The Defendants' actions and omissions not only caused the tragic and wrongful death of Joseph Lee but also highlight systemic issues within the Racine County Jail that must be addressed to prevent future harm.

## COUNT I- NEGLIGENCE AGAINST ALL DEFENDANTS

29. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

30. At all relevant times, Defendants, including the County, Officer Nitz, and John Does 1–5, owed a duty of care to Mr. Lee to provide a reasonably safe environment while he was incarcerated at the Racine County Jail.

31. This duty included, but was not limited to:

    a. Adequately supervise inmates to prevent foreseeable acts of violence;

    b. Enforce and comply with policies and procedures designed to maintain inmate safety and security;

    c. Continuously monitor inmate activity, including through assigned surveillance systems;

    d. Respond promptly and appropriately to emergencies or incidents involving harm to inmates; and

    e. Ensure sufficient staffing levels and proper hiring, training, supervision, and retention of correctional officers and jail personnel.

32. Defendants breached their duty of care to Joseph Lee in the following ways:

    a. Defendants failed to maintain adequate staffing levels at the Racine County Jail, creating an unsafe and dangerous environment in which correctional staff were

unable to properly supervise inmates, including Mr. Lee and Mr. Carraway, despite the known and foreseeable risk of inmate-on-inmate violence.

b.  Defendants permitted chronic understaffing to persist, requiring correctional officers to supervise multiple housing units or pods simultaneously, rendering timely intervention and emergency response impossible.

c.  Defendants failed to adequately monitor the dayroom where inmates, including Mr. Lee and Mr. Carraway, were congregated, despite the foreseeability of violence in a custodial setting.

d.  Defendant Officer Nitz, while assigned to monitor inmate activity through the jail's surveillance system, negligently left the surveillance control room for approximately twenty-five (25) minutes during the critical period surrounding the assault, resulting in a complete failure to observe, detect, or respond to the attack on Mr. Lee.

e.  Defendants allowed the violent assault on Mr. Lee to occur and persist without any intervention, deterrence, or preventative action by jail staff.

f.  Defendants negligently failed to discover or respond to Mr. Lee's critical condition for approximately twenty-two (22) minutes after the assault, delaying emergency medical care and substantially exacerbating his injuries.

g.  Defendants negligently failed to hire, train, and retain a sufficient number of qualified correctional officers, resulting in severe understaffing and inadequate supervision that directly contributed to the failure to intervene during the assault and the delayed medical response thereafter.

7

h. Defendants failed to ensure that correctional personnel were adequately trained and present to detect, report, and respond to inmate violence and medical emergencies in a timely manner.

i. Defendants negligently hired, trained, and supervised correctional staff, resulting in the absence or breakdown of proper safety protocols, monitoring practices, and emergency response measures at the Racine County Jail.

33. As a direct and proximate result of Defendants' negligent acts and omissions, Mr. Lee suffered catastrophic injuries, including severe blunt-force trauma to the head and neck, multiple facial fractures, cerebral edema, cervical spinal injuries, and inhalation of broken teeth, which ultimately led to his death. Mr. Lee endured conscious pain and suffering prior to being rendered incapacitated, and his death caused profound and irreparable harm to his family.

34. As a further direct and proximate result of Defendants' negligence, Plaintiff and Mr. Lee's estate have suffered damages including, but not limited to:

a. The wrongful death of Mr. Lee, depriving his family, including his minor children, of his love, support, and companionship.

b. Emotional distress and mental anguish suffered by Mr. Lee's family due to his preventable death.

c. Funeral and burial expenses incurred by the estate of Mr. Lee

35. Defendants' negligent acts and omissions were not isolated or accidental, but reflected systemic failures in staffing, supervision, monitoring, and emergency response, and were undertaken with reckless disregard for the safety, dignity, and rights of Mr. Lee.

8

## COUNT II- WRONGFUL DEATH UNDER WISCONSIN LAW

## AGAINST COUNTY OF RACINE

36. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

37. At all relevant times, Defendant County, through the Racine County Sheriff's Office and its correctional officers and staff, owed a duty of care to Mr. Lee to provide a reasonably safe and secure environment, free from foreseeable harm, while he was incarcerated at the Racine County Jail.

38. This duty included, but was not limited to:

    a. Provide adequate supervision and monitoring of inmates to prevent foreseeable acts of violence;

    b. Maintain and enforce policies, practices, and procedures designed to protect inmates from harm;

    c. Ensure sufficient staffing levels and properly trained correctional personnel to safeguard inmate safety; and

    d. Timely respond to emergencies and provide necessary medical care to injured inmates.

39. While under the custody and control of Racine County, Mr. Lee was subjected to a violent and unprovoked assault by fellow inmate Davonte Carraway in the dayroom of the Racine County Jail.

40. Despite the severity and visibility of the attack, no correctional officer or staff member intervened during the assault or immediately thereafter.

41. Mr. Lee suffered catastrophic injuries as a result of the assault, including severe blunt-force trauma to the head and neck, multiple facial fractures, inhalation of broken teeth, cerebral edema, cervical spinal injuries, and irreversible brain damage.

42. Correctional officers and staff employed by Racine County failed to discover Mr. Lee or provide medical assistance for approximately twenty-two (22) minutes following the assault, until he was found unresponsive during routine lunch tray collection.

43. This prolonged delay in response exacerbated Mr. Lee's injuries, deprived him of critical and potentially life-saving medical care, and substantially contributed to his death.

44. As a direct and proximate result of Racine County's negligent acts and omissions, Mr. Lee was transported to Froedtert Hospital, placed on life support, and pronounced brain dead on January 1, 2025. Following organ-donation procedures, life-sustaining measures were withdrawn on January 5, 2025, and Mr. Lee subsequently passed away.

45. Mr. Lee's death has caused significant harm to his family, including:

    a. The loss of Mr. Lee's love, companionship, care, protection, guidance, and society;

    b. Severe emotional distress, grief, and mental anguish suffered by his family, including his minor children; and

    c. Financial loss and hardship resulting from the loss of Mr. Lee's support, services, and income.

46. Under Wis. Stat. § 895.03 *et seq.*, Defendant the County is liable for all damages caused by its negligence, including but not limited to damages arising from:

    a. Failing to adequately monitor and protect Joseph Lee from foreseeable inmate violence;

b. Failing to implement, enforce, and follow sufficient safety and supervision protocols within the jail;

c. Failing to provide timely and appropriate medical intervention following the assault; and

d. Maintaining a jail facility that was chronically understaffed, inadequately supervised, and incapable of responding promptly to violent incidents and medical emergencies.

47. The acts and omissions of Defendant the County were reckless, egregious, and demonstrated a gross disregard for the safety and well-being of Joseph Lee, directly resulting in his untimely and preventable death.

**COUNT III- FOURTEENTH AMENDMENT VIOLATION (FAILURE TO PROTECT) UNDER 42 U.S.C. § 1983 AGAINST LIAM D. NITZ AND JOHN DOES 1–5**

48. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

49. At all relevant times, Joseph Lee was a pretrial detainee housed at the Racine County Jail. Defendants OfficerNitz and John Does 1–5, in their capacities as correctional officers, supervisors, and/or jail staff employed by Racine County, were acting under color of state law.

50. Under the Fourteenth Amendment to the United States Constitution, Defendants had a constitutional obligation to take objectively reasonable measures to protect Mr. Lee from violence at the hands of other inmates and to ensure his safety while in custody.

51. Mr. Lee faced a substantial and objectively serious risk of harm, including the risk of inmate-on-inmate violence, while housed in the dayroom of the Racine County Jail. That

risk was known or obvious, given the custodial environment, the presence of multiple inmates, and the availability of surveillance monitoring intended to detect and deter violent incidents.

52. At all relevant times, Defendant Officer Nitz was assigned to monitor inmate activity through the Racine County Jail's surveillance system and was responsible for observing inmate housing areas, detecting incidents of violence, and initiating timely intervention or emergency response.

53. Despite this responsibility, Defendant Nitz left the surveillance control room for approximately twenty-five (25) minutes during the critical period surrounding the assault on Mr. Lee, resulting in a complete failure to monitor the dayroom or detect the ongoing attack.

54. Defendants Officer Nitz and John Does 1–5 failed to take objectively reasonable measures to protect Mr. Lee from a foreseeable and preventable assault, including but not limited to the following acts and omissions:

    a. Failing to adequately monitor the dayroom where Mr. Lee and other inmates were congregated;

    b. Failing to observe, detect, or respond to a violent assault that occurred within the jail's surveillance coverage;

    c. Failing to intervene during the assault;

    d. Failing to promptly secure the scene or assess Mr. Lee's condition following the assault; and

    e. Failing to ensure that sufficient staff were present and available to respond to inmate violence in a timely manner.

55. As a direct and proximate result of Defendants' objectively unreasonable actions and omissions, Mr. Lee was violently assaulted by fellow inmate Davonte Carraway, suffered catastrophic injuries, and was left unprotected and unattended in the immediate aftermath of the attack.

56. Defendants' conduct was objectively unreasonable under the circumstances and violated Mr. Lee's Fourteenth Amendment right to be free from punishment and to be reasonably protected from harm while detained.

57. As a result of Defendants' constitutional violations, Mr. Lee suffered severe physical injuries, pain, and suffering, ultimately resulting in his death. Plaintiff and Mr. Lee's estate have suffered compensable damages as a direct and proximate result of these violations.

58. The actions and omissions of Defendant Officer Nitz and Defendants John Does 1–5 were willful, reckless, and demonstrated a conscious disregard for Mr. Lee's constitutional rights.

## COUNT IV- FOURTEENTH AMENDMENT VIOLATION (DELIBERATE INDIFFERENCE TO MEDICAL NEEDS) UNDER 42 U.S.C. § 1983 AGAINST LIAM D. NITZ AND JOHN DOES 1–5

59. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

60. At all relevant times, Defendants John Does 1–5, in their official capacities as employees of the County Jail, were acting under color of state law and were responsible for the custody, care, and safety of inmates, including Mr. Lee.

61. Under the Eighth and Fourteenth Amendments to the United States Constitution, Defendants had a legal duty to ensure that inmates received timely and adequate medical care for serious medical conditions.

62. Mr. Lee was subjected to a violent and unprovoked assault by fellow inmate Davonte Carraway, resulting in severe and obvious injuries, including but not limited to:

   a. Severe blunt-force trauma to the head and neck;

   b. Loss and inhalation of multiple teeth;

   c. Loss of consciousness, physical incapacitation, and visible signs of medical distress; and

   d. Catastrophic brain and cervical injuries.

63. These injuries constituted an objectively serious medical condition requiring immediate medical evaluation and emergency intervention. Mr. Lee's condition was so obvious that any reasonable correctional officer would have recognized the urgent need for medical care.

64. At all relevant times, Defendant Officer Nitz was assigned to monitor inmate activity through the Racine County Jail's surveillance system and was responsible for detecting violent incidents and initiating emergency medical response.

65. Despite this responsibility, Defendant Nitz left the surveillance control room during the critical period following the assault, resulting in a complete failure to detect Mr. Lee's medical emergency or initiate any response.

66. Defendants Officer Nitz and John Does 1–5 acted with deliberate indifference to Mr. Lee's serious medical needs, including but not limited to the following acts and omissions:

14

    a.   Failing to monitor the dayroom and detect the assault and resulting medical emergency;

    b.   Failing to assess Mr. Lee's condition or summon medical assistance following the assault;

    c.   Failing to respond to Mr. Lee's obvious and life-threatening injuries for approximately twenty-two (22) minutes;

    d.   Failing to follow emergency protocols requiring prompt medical intervention; and

    e.   Failing to provide or obtain timely, potentially life-saving medical care.

67. As a direct and proximate result of Defendants' objectively unreasonable conduct and deliberate indifference, Mr. Lee was deprived of timely medical treatment, suffered prolonged pain and deterioration of his condition, and ultimately sustained fatal injuries.

68. Defendants' actions and omissions were objectively unreasonable under the circumstances and violated Mr. Lee's Fourteenth Amendment right to receive adequate medical care while detained.

69. As a result of these constitutional violations, Mr. Lee suffered severe pain, suffering, and death, and Plaintiff and Mr. Lee's estate suffered compensable damages.

70. The actions and omissions of Defendant Officer Nitz and Defendants John Does 1–5 were willful, reckless, and demonstrated a conscious disregard for Mr. Lee's serious medical needs and constitutional rights.

71. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 and seeks all available relief for the harm caused by Defendants' unconstitutional conduct.

## COUNT V- MONELL CLAIM FOR FAILURE TO TRAIN, SUPERVISE, AND STAFF

## UNDER 42 U.S.C. § 1983 AGAINST COUNTY OF RACINE

72. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

73. At all relevant times, Defendant County of Racine, through the Racine County Sheriff's Office and its final policymakers, agents, and employees, acted under color of state law and was responsible for the policies, practices, customs, training, supervision, and staffing of the Racine County Jail.

74. Pursuant to 42 U.S.C. § 1983, the County is liable for constitutional violations caused by its policies, practices, customs, and decisions of its final policymakers, including failures that demonstrate deliberate indifference to the safety and constitutional rights of detainees, including Joseph Lee.

75. Mr. Lee was subjected to a violent and unprovoked assault by a fellow inmate in the dayroom of the Racine County Jail, resulting in catastrophic injuries and his death. The constitutional violations suffered by Mr. Lee were not isolated incidents, but were the direct and proximate result of systemic failures attributable to the County.

76. Specifically, the constitutional violations were caused by the following policies, practices, and customs of Defendant the County, including but not limited to:

    a. Failing to adequately train correctional officers and staff on monitoring inmate activity, particularly in high-risk areas such as dayrooms;

    b. Failing to adequately train correctional officers and staff to detect, respond to, and intervene in incidents of inmate-on-inmate violence;

    c. Failing to adequately train correctional officers and staff to recognize and respond promptly to obvious medical emergencies following violent incidents;

d.  Failing to supervise correctional staff responsible for inmate monitoring and surveillance, resulting in critical areas being left unmonitored during known risk periods;

e.  Maintaining chronically inadequate staffing levels that required officers to supervise multiple housing units or pods simultaneously, leaving large numbers of inmates unsupervised and preventing timely intervention;

f.  Failing to implement and enforce policies requiring continuous surveillance monitoring and immediate response to violent incidents and medical emergencies; and

g.  Failing to discipline or correct known deficiencies in staffing, training, supervision, and monitoring despite the obvious and substantial risk of serious harm to detainees.

77. Defendant the County knew or should have known that these systemic deficiencies created a substantial risk of inmate-on-inmate violence and delayed emergency medical response, yet failed to take corrective action, demonstrating deliberate indifference to the constitutional rights of detainees.

78. These failures in training, supervision, monitoring, and staffing were the moving force behind the constitutional violations suffered by Mr. Lee, including the failure to protect him from violence and the failure to provide timely medical care following the assault.

79. As a direct and proximate result of Defendant's policies, practices, and customs, Mr. Lee suffered severe injuries, conscious pain and suffering, and ultimately death. His estate and surviving family members have suffered profound emotional, relational, and financial harm.

80. Defendant County of Racine is liable under Monell because the constitutional violations suffered by Joseph Lee were caused by its official policies, longstanding practices and customs, and deliberate indifference in training, supervision, and staffing of its correctional personnel.

## COUNT VI- SURVIVAL CLAIM UNDER WIS. STAT. § 895.01 AGAINST ALL DEFENDANTS

81. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

82. At all relevant times, Defendants County of Racine, Liam D. Nitz, and John Does 1–5 owed Mr. Lee a duty of care to ensure his safety while in custody, provide adequate supervision, and respond promptly and appropriately to medical emergencies.

83. While incarcerated at the Racine County Jail, Mr. Lee was violently and unprovokedly attacked by a fellow inmate, causing him to suffer severe and catastrophic injuries, including but not limited to repeated blunt-force trauma to the head and neck, impacts with the cell door and concrete floor, loss and inhalation of multiple teeth, loss of consciousness, and other critical injuries.

84. Despite the obvious severity of Mr. Lee's injuries and the clear need for immediate medical attention, Defendants failed to take reasonable measures to protect and assist him, including by failing to:

    a. Adequately supervise and monitor the dayroom to prevent or promptly stop the assault;

    b. Intervene during or immediately after the attack; and

    c. Provide or arrange for timely medical assistance, leaving Mr. Lee unattended and without care for approximately twenty-two (22) minutes following the assault.

18

85. As a direct and proximate result of Defendants' negligent, reckless, and deliberately indifferent acts and omissions, Mr. Lee experienced significant physical pain, mental anguish, fear, and suffering prior to his death, including the conscious awareness of his injuries and the delay in receiving medical care.

86. Pursuant to Wis. Stat. § 895.01, the causes of action for Mr. Lee's personal injuries survived his death and may be maintained by his estate. The survival damages recoverable by the Estate include, but are not limited to:

    a.  The physical pain and suffering Mr. Lee endured during and after the assault;

    b.  The mental anguish, fear, and emotional distress caused by the violent attack and Defendants' failure to render timely aid;

    c.  Mr. Lee's conscious awareness of his injuries and medical distress prior to death; and

    d.  All other damages sustained by Mr. Lee between the time of injury and the time of death.

87. Defendants' actions and omissions, including their failures to protect, supervise, monitor, and render medical aid, were a direct and proximate cause of the injuries and suffering endured by Mr. Lee prior to his death.

88. Defendants' conduct was reckless, egregious, and demonstrated a gross disregard for Mr. Lee's safety, dignity, and rights, entitling the Estate to recover compensatory damages and, where permitted by law, punitive damages for the injuries and suffering sustained by Mr. Lee before his death.

## COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST

## LIAM D. NITZ AND JOHN DOES 1–5

89. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

90. At all relevant times, Defendants Liam D. Nitz and John Does 1–5, in their individual capacities, were acting under color of state law as correctional officers or jail staff employed by Racine County.

91. While Mr. Lee was in their custody, Defendants knew or should have known that he was uniquely vulnerable to serious harm, including the risk of inmate-on-inmate violence and medical emergency, and that their actions and omissions would likely cause severe emotional distress.

92. Mr. Lee was violently and unprovokedly attacked by fellow inmate Davonte Carraway, resulting in catastrophic physical injuries, including repeated blunt-force trauma to the head and neck, inhalation of teeth, loss of consciousness, and severe physical incapacitation.

93. Despite their responsibility to monitor inmate activity and respond to emergencies, Defendants consciously failed to act, including by abandoning surveillance monitoring, failing to intervene during the assault, and leaving Mr. Lee unattended for approximately twenty-two (22) minutes after the attack.

94. Defendants' conduct went beyond negligence and constituted a reckless disregard for Mr. Lee's safety, dignity, and humanity, subjecting him to prolonged fear, terror, helplessness, and emotional anguish during and after the assault.

95. As a direct and proximate result of Defendants' intentional or reckless conduct, Mr. Lee experienced severe emotional distress, including terror during the assault, awareness of his

injuries, and distress caused by being left without aid during a life-threatening medical emergency.

96. Defendants' actions were extreme and outrageous, intolerable in a civilized society, and undertaken with conscious indifference to the emotional and physical suffering inflicted upon Mr. Lee.

97. As a result of Defendants' conduct, Plaintiff, on behalf of Mr. Lee's estate, seeks all damages available under Wisconsin law for the severe emotional distress inflicted upon Mr. Lee prior to his death.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

a. Judgment in favor of the Plaintiff and against Defendants on all Counts of the Plaintiff's Complaint, with an award for compensatory damages;

b. As a direct and proximate result of the Defendants' actions, omissions, and violations, Mr. Lee and his estate have suffered injuries and damages for which Plaintiff seeks recovery within the jurisdictional limits of this Court. These damages include, but are not limited to:

1. Physical pain and suffering endured by Mr. Lee prior to his death;

2. Emotional distress and mental anguish suffered by Mr. Lee and his family;

3. Loss of society, companionship, care, protection, guidance, and support suffered by Mr. Lee's minor children and surviving family members;

4. Funeral and burial expenses incurred by the Estate of Joseph Lee;

5. Other economic losses associated with Mr. Lee's wrongful death.

21

c. An award for non-economic damages to the Plaintiff in an amount determined by the jury to be fair and reasonable.

d. An award for economic damages in an amount determined by the jury to be fair and reasonable.

e. An award for punitive damages to punish Defendants for their reckless, outrageous, and egregious conduct and to deter similar misconduct in the future.

f. An award of prejudgment interest, attorney's fees, costs, and post-judgment interest in favor of the Plaintiff and against the Defendants.

g. Any other legal and equitable relief that this Court deems just and necessary under the circumstances.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Respectfully submitted this 10th day of March, 2026.

**The LaMarr Firm, PLLC**

By: /s/ B'Ivory LaMarr
B'Ivory LaMarr, Bar No. 1122469
5718 Westheimer Rd., Suite 1000
Houston, TX 77057
Phone: (800) 679-4600 ext. 700
Email:blamarr@bivorylamarr.com

**Gingras, Thomsen & Wachs, LLP**

By: /s/ Paul A. Kinne
Paul A. Kinne, Bar No. 1021493
Peter Kelly Smith, 1128245
8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
kinne@gtwlawyers.com
Pkellysmith@gtwlawyers.com